IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DJIMON RASHAAD BURKHALTER,<br><br>Defendant. | Case No. 24-CR-047-JFH |

## OPINION AND ORDER

Before the Court is an objection to order denying Defendant's motion to compel discovery ("Objection") filed by Defendant Djimon Rashaad Burkhalter ("Defendant"). Dkt. No. 37. Defendant previously filed a motion to compel discovery ("Motion") [Dkt. No. 25], which the Court referred to Magistrate Judge D. Edward Snow [Dkt. No. 26]. Magistrate Judge Snow conducted a hearing on the Motion and, at the conclusion of the hearing, denied the Motion from the bench [Dkt. No. 40 at 15] and memorialized his ruling in a minute order [Dkt. No. 36]. Defendant filed his Objection one week later, stating it is his "position that the Magistrate's Order is contrary to law or clearly erroneous and should be set aside." Dkt. No. 37 at 2.

The Court referred the Motion to Magistrate Judge Snow under 28 U.S.C. § 636 (b)(1)(A), which allows a district judge to "designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). Once a magistrate judge issues a ruling, parties may file objections to the order and "[t]he district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a).

Objecting to a magistrate judge's pretrial order is not simply a second bite at the apple. "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual

and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (discussing a civil report and recommendation).  Further, magistrate judges are "afforded broad discretion in the resolution of non-dispositive discovery disputes."  *Morrison v. Chartis Prop. Cas. Co.*, No. 13-CV-116-JED-PJC, 2014 WL 1323743, at *1 (N.D. Okla. Apr. 1, 2014) (quotation and citation omitted).  As already mentioned, the Court will only "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Crip. P. 59(a).  "This standard commands a high, though not impenetrable, level of deference to a Magistrate Judge."  *Kirby v. O'Dens*, No. 14-CV-388-GKF-PJC, 2015 WL 13021665, at *1 (N.D. Okla. June 29, 2015) (citing *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006)).  "Under the clearly erroneous standard, the reviewing court [must] affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Id.* (internal quotations and citations omitted).

Defendant's Objection lacks specificity.  It merely restates the language of the statute regarding "contrary to law or clearly erroneous" without any citation to authority or persuasive argument about *why*.  This is insufficient to carry Defendant's burden to establish a "definite and firm conviction [in the district court] that a mistake has been committed."

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's objection to order denying his motion to compel [Dkt. No. 37] is DENIED.

Dated this 12th day of August 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE