IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 24-CR-47-JFH |
| DJIMON RASHAD BURKHALTER, | |
| Defendant. | |

## OPINION AND ORDER

Before the Court is the Motion to Dismiss Indictment as Unconstitutional ("Motion"), filed by Defendant D'Jimon Rashad Burkhalter ("Defendant"). Dkt. No. 27. For the reasons set forth, the Motion is DENIED.

## BACKGROUND

On September 25, 2023, Ardmore Police Officers made contact with a vehicle they believed to have been involved in a shooting. Dkt. No. 47-1 at 1. At the time officers made contact, Defendant was a passenger in the vehicle. *Id.* Officers impounded the vehicle and obtained a warrant to search it. *Id.* at 2. According to the Government, during their search of the vehicle, officers found a pawn ticket indicating that on September 16, 2023, Defendant pawned a firearm at Jerry's Gun and Pawn Shop, in Ardmore, Oklahoma. Dkt. No. 31 at 2. The Government asserts that upon visiting the pawn shop, officers were able to confirm that Defendant did pawn the firearm in question on September 16, 2023. *Id.* At the time, Defendant was subject to a deferred felony sentence in Carter County case number CF-2019-415.[1] *Id.*

---

[1] A conditional discharge or deferment of sentence "simply prolongs the life of the indictment [or information]." *United States v. Saiz*, 797 F.3d 853, 857 (10th Cir. 2015). Thus, when a defendant is subject to a deferred sentence, he is still under indictment or information. *Id.*

On March 13, 2024, Defendant was charged with one count of illegal receipt of a firearm by a person under indictment or information, in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D). Dkt. No. 3. The case is set for trial on October 28, 2024. Dkt. No. 44. Defendant now moves to dismiss the indictment, arguing that 18 U.S.C. § 922(n), the federal statute under which he is charged, is unconstitutional, under the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Dkt. No. 38 at 2.

## LEGAL AUTHORITY

In *Bruen*, the Supreme Court considered a constitutional challenge to New York's licensing laws for firearms, which required a person to demonstrate that "proper cause exists" to issue a license to carry a firearm outside of the home. *Bruen*, 597 U.S. at 16. The Court, considering its prior decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. City of Chicago*, 561 U.S. 742 (2010), articulated the relevant inquiry as follows: "the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Bruen*, 597 U.S. at 19. Under *Bruen*, the Court must first consider whether Second Amendment's plain text covers an individual's conduct. *Id.* at 24. If it does, the conduct is presumptively protected. *Id.* The Government "must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command." *Id.* (internal quotation marks and citations omitted). Thus, the test "requires courts to assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding." *Id.*

To determine whether a firearms regulation is "consistent with the Nation's historical tradition of firearm regulation," district courts should consider "whether historical precedent from

before, during, and even after the founding evinces a comparable tradition of regulation." *Id.* at 27 (internal quotation marks and citation omitted). "[D]etermining whether a historical regulation is a proper analogue for a distinctly modern firearm regulation requires a determination of whether the two regulations are relevantly similar." In making this determination, the Court should consider both "how and why the regulations burden a law-abiding citizen's right to armed self-defense." *Id.* at 29. "[W]hether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified are *central* considerations when engaging in an analogical inquiry." *Id.* (emphasis in original) (internal quotation marks and citation omitted). However, "analogical reasoning requires only that the government identify a well-established and representative historical *analogue*, not a historical *twin*." *Id.* at 30 (emphasis in original).

Applying these principles, the *Bruen* Court concluded that the New York licensing regime was unconstitutional in that it "prevent[ed] law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." *Bruen*, 597 U.S. at 71. "Notably, *Bruen* did not overturn *Heller* or *McDonald* or otherwise do away with the corpus of precedent issuing therefrom which this court is bound to follow." *United States v. Trejo-Zambrano et al.*, No. 24-CR-00045-GKF-4, 2024 WL 4257143, at *2 (N.D. Okla. Sept. 20, 2024). "Rather, *Bruen* provided the standard for evaluating the constitutionality of regulations on firearm possession and rejected the means-end scrutiny test which had been developed by the circuit courts." *Id.* (internal quotation marks and citation omitted).

# DISCUSSION

Defendant argues that 18 U.S.C. § 922(n) is facially unconstitutional. *See generally* Dkt. No. 27. To succeed on a facial challenge, the movant must establish that no set of circumstances exists under which the challenged law would be valid. *See United States v. Solerno*, 481 U.S. 739, 745 (1987).

### A. Presumptive Application of the Second Amendment

Under *Bruen's* two-pronged approach, the Court must first consider whether the plain text of the Second Amendment covers Defendant's conduct. Defendant is alleged to have received a firearm while under a felony indictment or information, in violation of § 922(n). Dkt. No. 3; Dkt. No. 31 at 2. *See* 18 U.S.C. 922(n) ("It shall be unlawful for any person who is under indictment for a crime punishable for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."). However, a criminal defendant is presumed innocent until proven guilty beyond a reasonable doubt. *Nelson v. Colorado*, 581 U.S. 128, 135-36 (2017). In other words, a criminal defendant is presumed to be a law-abiding citizen unless and until he proven otherwise. This is a "bedrock principle of our system of criminal justice." *United States v. Stambaugh*, 641 F. Supp. 3d 1185, 1189 (W.D. Okla. 2022), 650 F. Supp. 3d 1227 (W.D. Okla. 2023). Therefore, the Court concludes, as numerous courts considering the issue have, that the Second Amendment's protection of law-abiding citizens' right to possess firearms, applies to individuals under indictment or information. *See e.g.*, *Stambaugh*, 641 F. Supp. 3d at 1189–90 (W.D. Okla. 2022), 650 F. Supp. 3d 1227 (W.D. Okla. 2023); *United States v. Baker*, No. CR-23-130-G, 2024 WL 24088, at *2 (W.D. Okla. Jan. 2, 2024); *United States v. Trevino*, No. 2:23-CR-00066 RB, 2023 WL 8237053, at *4 (D.N.M. Nov. 28, 2023); *United States v. Ogilvie*, No. 2:23-CR-00063-TC, 2024 WL 2804504, at *2 (D. Utah May 31, 2024).

## B. Historical Tradition of Firearm Regulation

As this Court recently recognized, in *Trejo-Zambrano*, "It is well-established in American jurisprudence that the government has the authority under certain conditions to place significant liberty restrictions on individuals under indictment." No. 24-CR-00045-GKF-4, 2024 WL 4257143, at *3; *see United States. v. Salerno*, 481 U.S. 739, 749 (1987) (noting "the well-established authority of the government, in special circumstances, to restrain individuals' liberty prior to or even without criminal trial and conviction"). Indeed, a "finding of probable cause for a felony indictment has historically justified pre-trial detention, oftentimes without bail." *Trejo-Zambrano* No. 24-CR-00045-GKF-4, 2024 WL 4257143, at *3; *see, e.g., Kaley v. United States*, 571 U.S. 320, 330 (2014) (noting that probable cause is "often sufficient to 'restrain persons.' "); Judiciary Act of 1789, Ch. 20, § 33, 1 Stat. 73, 91–92 (1789) (one accused of a "crime or offence against the United States" may be "arrested, and imprisoned or bailed, as the case may be, for trial"); *and* ANTHONY HIGHMORE JR., A DIGEST OF THE DOCTRINE OF BAIL; IN CIVIL AND CRIMINAL CASES VII, 194–96 (1783) (noting that detention without bail is necessary for some so that "the safety of the people should be preserved against the lawless depredations of atrocious offenders").

In its recent decision in *United States v. Rahimi*, the Supreme Court found that "temporary disarmament" was a "lesser restriction" than pre-trial "imprisonment." 144 S. Ct. 1889, 1902 (2024) (deciding a *Bruen* challenge to 18 U.S.C. § 922(g)(8), which restricts firearm possession by those under a restraining order who are found to pose credible physical threats to others). Given that the federal government can detain individuals under indictment after a finding of probable cause, it follows that the "lesser restriction" of "temporary disarmament," which is inherent during a pre-trial detention, is "consistent with the Nation's historical tradition of firearm regulation" in

the context of pre-trial criminal defendants. *Rahimi*, 144 S. Ct. at 1902; *Bruen*, 597 U.S. at 24. Because there are historical analogues showing a longstanding tradition of placing temporary restrictions on firearm possession by those credibly accused of a crime, the Court finds that § 922(n) is consistent with the Second Amendment and the Nation's tradition of firearm regulation.

## CONCLUSION

The Court concludes that Defendant has failed to show that that no set of circumstances exists under which the challenged law would be valid. Therefore, Defendant's Motion to Dismiss Indictment as Unconstitutional [Dkt. No. 27] is DENIED.

Dated this 26th day of September 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE